UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LISA CLARK,

        Plaintiff,

v.                               Case No:   2:13-cv-591-FtM-38UAM

FI-WINKLER COURT, LLC,

        Defendant.

_____/

## ORDER[1]

This matter comes before the Court on Defendant's Motion for Summary Judgment (Doc. #11) filed on October 7, 2013. Plaintiff filed a Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment (Doc. #17) on November 8, 2013. Defendant filed the same document with redacted exhibits on November 19, 2013. (Doc. #18). The Motion is fully briefed and ripe for the Court's review.

## Background

Plaintiff Lisa Clark brought a two count Complaint against Defendant FI-Winkler Court, LLC pursuant to the Family Medical Leave Act of 1993, 29 U.S.C. § 2601, et seq. (hereinafter "FMLA"). (Doc. #1). Count I of the Complaint alleges interference with Plaintiff's rights in violation of the FMLA. (Doc #1). Count II of the Complaint alleges retaliation and discrimination against Plaintiff in violation of the FMLA. (Doc. #1). Plaintiff

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

worked for Defendant as an Activities Director from April 23, 2012, until June 18, 2013. (Doc. #1, ¶¶2,9; Doc. #11, ¶2; Doc. #18). Plaintiff states but does not show that she also worked for Defendant from approximately June 2006 to November 2011. (Doc. #18). Nevertheless, in 2013 and while employed by Defendant, Plaintiff experienced medical problems with one of her shoulders. (Doc. #1, ¶10; Doc. #18-1). To rectify Plaintiff's shoulder problem, a medical professional advised Plaintiff that she would need to undergo surgery. (Doc. #18-1). Accordingly, to undergo such surgery Plaintiff requested medical leave from work. (Doc. #18-1). Sometime thereafter Defendant terminated Plaintiff's employment.

Defendant filed this Motion for Summary Judgment with the contention that Plaintiff's request for leave did not fall under the protection of the FMLA. Defendant specifically contends Plaintiff was employed by Defendant for less than a year when she made a leave of absence request and therefore the FMLA does not apply in this matter. (Doc. #11, ¶¶4-9). Plaintiff filed a response in opposition. (Doc. #18). Plaintiff contends her time spent employed by Defendant previously also counts toward the 12-month FMLA requirement. (Doc. #18). Alternatively, Plaintiff contends the leave request relevant in this matter occurred at least 12-months after Plaintiff began working for Defendant again. (Doc. #18). Therefore, Plaintiff asserts the FMLA protection does apply in this action. (Doc. #18)

**Standard**

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact" and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). An issue is genuine if there is sufficient evidence such

that a reasonable jury could return a verdict for either party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 U.S. 2505, 91 L. Ed. 2d 202 (1986). Similarly, an issue is material if it may affect the outcome of the suit under governing law. Id.

The moving party bears the burden of showing the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). In deciding whether the moving party has met this initial burden, the Court must review the record and all reasonable inferences drawn from the record in the light most favorable to the non-moving party. Whatley v. CNA Ins. Co., 189 F.3d 1310, 1313 (11th Cir. 1999). Once the Court determines that the moving party has met its burden, the burden shifts and the non-moving party must present specific facts showing that there is a genuine issue for trial that precludes summary judgment. Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587, S. Ct. 1348, 89 L. Ed. 2d 538 (1986). "The evidence presented cannot consist of conclusory allegations, legal conclusions or evidence which would be inadmissible at trial." Demyan v. Sun Life Assurance Co. of Canada, 148 F. Supp. 2d 1316, 1320 (S.D. Fla. 2001) (citing Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir. 1991)). Failure to show sufficient evidence of any essential element is fatal to the claim and the Court should grant the summary judgment. Celotex, 477 U.S. at 322-23. Conversely, if reasonable minds could find a genuine issue of material fact then summary judgment should be denied. Miranda v. B & B Cash Grocery Store, Inc., 975 F.2d 1518, 1532 (11th Cir. 1992). "If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant summary judgment." Allen v. Bd. of Pub. Educ., 495 F.3d 1306, 1315 (11th Cir. 2007).

**Discussion**

Certain employees are entitled to unpaid leave under the FMLA due to their serious health conditions. 29 U.S.C. § 2612(a)(1)(A)-(D); Nevada Dep't of Human Resources v. Hibbs, 538 U.S. 721, 724 (2003). The FMLA defines an eligible employee as one who has been employed "(i) for at least 12 months by the employer with respect to whom leave is requested under section 2612 of this title; and (ii) for at least 1,250 hours of service with such employer during the previous 12-month period." 29 U.S.C. § 2611(2)(A). An employee bears the burden of demonstrating they satisfy this definition as of the date leave commences. Moore v. Sears Roebuck & Co., No. 3:06cv255-RV/MD, 2007 WL 1950405, at *4 (N.D. Fla. July 7, 2007) (citations omitted); Walker v. Elmore County Bd. of Educ., 379 F.3d 1249, 1253 n. 10 (11th Cir. 2004) (citations omitted). Courts have strictly construed the FMLA and found "an employee who has less than 1,250 hours of service in the previous twelve-month period is not entitled to the protections of the FMLA and may not maintain an action under the Act." Moore, 2007 WL 1950405, at *4 (citing Caputo-Conyers v. Berkshire Realty Holdings, LP, No. 6:05CV341ORL31KRS, 2005 WL 1862697, at *5 (M.D. Fla. Aug. 2, 2005); Brungart v. BellSouth Telecommunications, Inc., 231 F.3d 791, 796 (11th Cir. 2000) (agreeing with the Seventh Circuit that "The right of family leave is conferred only on employees who have worked at least 1,250 hours in the previous 12 months.") (citation omitted); Rich v. Delta AirLines, Inc., 921 F.Supp. 767, 773 (N.D. Ga. 1996)). The plain language of the FMLA does not require the employment service in the previous 12-month period to be made in consecutive months. See Cox v. True North Energy, LLC, 524 F.Supp.2d 927, 936 (N.D. Ohio 2007); Thomas v. Mercy Memorial Health Center, Inc., No. CIV-07-022-SPS, 2007 WL 2493095, at *3 (E.D. Okla.

2007); Bell v. Prefix, Inc., 422 F.Supp.2d 810, 813 (E.D. Mich. 2006); c.f. Wright v. Sandestin Investments, LLC, 914 F.Supp.2d 1273, 1278 (N.D. Fla. 2012).

Here, the record does not clearly show if and when Plaintiff previously worked for Defendant. Also, Defendant has remained silent about any previous employment whereas Plaintiff states she also worked for Defendant from June 2006 until November 2011. Nevertheless, the record clearly shows while working for Defendant, Plaintiff made a few requests for leave pursuant to her medical appointments. (Doc. #18-1, p.7; Doc. #18-1, p.8; Doc. #18-1, p.9; Doc. #18-1, p.10; Doc. #18-1, p.15; Doc. #18-1, p.16). Defendant contends Plaintiff's request made on April 3, 2013, (Doc. #11-1), is the leave request relevant in this matter whereas Plaintiff contends her request made on June 14, 2013, is the leave request relevant in this matter, (Doc. #18-1, p.4, ¶¶19-20; Doc. #18-1, p.15). The records clearly show Plaintiff filed a Request for Leave of Absence on June 14, 2013, with the stated reason being that Plaintiff was having shoulder surgery. (Doc. #18-1, p.15). Consequently, the Court finds there is enough evidence to show Plaintiff's relevant request for leave occurred at least 12-months after Plaintiff was employed by Defendant, counting from April 23, 2012. Thus, Defendant's Motion for Summary Judgment is due to be denied.

Accordingly, it is now **ORDERED:**

Defendants' Motion for Summary Judgment (Doc. #11) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 20th day of November, 2013.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record